Judge Owslev
delivered tbe opinion.
On the 18th of March, 1805, James. Morrison and Joseph H Daviess, executors of the last will and testament of George Nicholas, dec , in consideration of eighty-two pounds fifteen shillings, conveyed, by a deed of bargain and sale, to Jones, one hundred acres of land in the county of Montgomery, and thereby covenanted, to the extent of assets, to warrant and defend the title against the claim of nil persons whatever.
After this Jones was evicted from the land by the judgment of the Montgomery circuit court, in a proceeding bad under an adverse paramount claim.
To obtain compensation. Jones then exhibited his bill 3- *386 gainst James M6r-rison,the surviving executorof Nicholas, an4 tbe-betrs of' Nicholas. The bill,charges, that Jones, purchased. thp JandfromNicfiolag ip his lifetime,, ami- hav■ing(paid,the purchase money,.Nichplasfexehotoxs executed, jlie dited,,warranting the titfé: that, Jones lias, sippe beea. evicted'from thp land by a paramount claimant! that the executor» has assets of the estate of Nicholas, iu his, hands, sufficient to compensate Jones for the loss, of the land, but Oi»lng, to the destruction of the clerk’s-officeof, the Kay*, ettc counly,,co.urjt by fife, Jonhs ⅛ unable to prove the &■ mount of a_ssets in the baads of the ⅜¾00⅜<⅜⅝ and asfesfro»», him a. disoovery thereof. The bill, moreover charges, that; t|e heirs,of Nicholas held,, by d£sqent from their fathe^ estaje more than: sufficient to compensate Jones,.and calls ¾?).them to set forth the estate which-they, hold by descent: «n j.after,making⅛? executor and heirs defendants,jhe bill aske-for.re.lief, &c.
On a covenant of tends sold & conveyed by executorsun-given in° the wilt, theh’rs cannot be .madeiiable.
T,he process, was,Served on.Morrison, apd,.for. his, fatlurs to.answer, the. bill was, taken for confessed against him.
Some of the heirs also failed to answer, and the faill.wa» taken as confessed against them; but others of the; heirs gpsweqed,. denying thaúthey held.any thing by descent froth., their apeestpr, apd putting Jones upon the proof of every, allegation of his billl
The circuit court, op a fjnaf, hearing, pronounced. a,de* cree in favor of Jones for the amount of the consideration recited in the deed to have been given for the land, with interest thereon from the date of the deed; but to be made of ⅛⅞ ag&elfeinJhe hands,of the-executor,.on which; might» cornejo his hands, if. so much there be, and if not, then of the assets in the. haptU of the heirs, or wbrnb-mighf Uteri;* after come to their hands,&C-
Tromthaldecpae the,heirs.*pd, executor jpintlyjappcaled.
The principle < is.nqj perceived on. which the decree,a-gaipst thp heirs cap, he sustained. The,record exhibits: no> Qf a0j, contract, feetween Jopes and, the,ancestor,, George,Nicholas,; dec. The only, evidence, of. a-.cooiraci, 80⅜, if is that alone, o» whicb-any, relief can he given to, Jone|, jscqjnlaiped.in the dee.d*executed by the. executors to him fur the land: but that deed, so far. from proving any contract bet weep. Jones and the decedent, conduces ¡strongly,tp,prose.. that. the.coBtractof,,sple,was. made with the ex* gCUtor5i and in consideration of, the. sale, money having Iteeiiireceivsid.hy, Utem» Jhp AOOVeyp(ifte.w?is,W,£nlf, tq Jppes. *387 Itóñást, Hberéfbre. bavt'befen On the faith ofthé Of Wirtranty tonfaitfiS in the deed giren by tire executors, that Jones pfrrcháSfed'the land, aWtl "it fs Vpcfh f⅜¾t-⅜⅞⅛⅛⅛⅞1⅛1 he must rely for compeüSáTlbn, ah3 ctmfte'fefttitieH ⅛¾⅞'<⅛-lfef Sgatesttlie heirs.
» covenant made by an t0 p^extentof ⅛ ob-on 8"“ -£er®°!J¡ and °n a prayer ex’ór fails to answer, it is asset™anda pna cmfe.so
asking- relief and a oiscov-eHor disccv-ery gives <he chancellor jv|;is.<llcilon» proper for chancery interference, .Vscovery ** brings with if ’he «gbt <⅜ re ie ’
‘Blühiitá 'QtilteHdtnfqí plaiütí$Pope ibí tléféti'fent ⅛ error.
The SecTefe ínúst TtfriSéqvrtntly %e ⅜⅜⅜⅝⅛⅛⅛; ¾⅛1½ ⅞⅛ •atiSe must be iretítániiÉ^I te theJC6drt’béloAr, it ⅛⅞31⅛⅜1 that we'Aótild direct what disposition Shniitil‘be ImAedF the cause as to the executdr, hrthaithoOrt.
llo'itef ftfe tbveiterit contained in the ".Vtfrtettiy, itis perfectly cleat the execoidr is peteoritfliy Háble to tínréxiferit assets in his hands. ⅛ has toad#hiriisfelf ⅛'fra&leijy press stipulation,-and it is hut cbtophferit fbHtft cWuft to ehaoge the import of ⅛⅛ cóvehaiit. TrtStfeáü, thé'ftífore, dlrecting the amoutit detceed to J⅛¾⅛ to %e made blit the assers'in thediaiids df ⅛⅛ executor, or Ivltfch mtiy ⅞⅜⅛ after eonre t o h is bands, life iri>ari Should huVe defetéfetí amount to be paid hy Mdrrisou in bis iridivMual tifht/nn-lessy as isbonteíidéd by his tdniisé), Jones should have phi-sued his remedy ⅛ ⅛ court bf ‘láW, ünd not in equity. We ttünh,iiowévér, that Jones bás sbcWn'suM'ciettt'cause fdi-fe-•biting to ü court of equity. As it Was írareív te the extent of assets, that lheexecutors covenanted in warrant !f be title, it is bbvidus, that, to enable’Jones to recover Ut he would have td establish the 'amount rif aSSitS; ⅛⅛ -he alleges in his bill* that the ahrount bf assets ⅛ ⅛¾⅛⅛⅛⅛⅞⅛» him, arid that tie possesses ho titeaos of ascertaining rt,, dh-Ifesá by a discovery fiotri the elcectitbr. For thfe purpose iff discovery, therefore, he properly applied to the ■ch’ah'cifHo'r; dnd hávibg obtained possession of the cátise ter “tfidt ptfr pose,it tvas propeirfor the cbuWcbiter, in a ease like the, ptfh-sent, tbirivh relief. It is true, SloTr'isdn failed tb todke the discovery sought by answeringtbe bill: but hisfdiliiig te ahSvver Is ah implied Confession, and bh such a tobfeisrbti relief may’betifeCreed.
Títe dbérée must be revetefed witb fedsdS, tire Cause ⅛-mhndhd'to the court bfel’bW, arid the bill ‘íhete üi'áHiIsScd #¡th bbSVs as to lire heirs of ’Nicholas; btit AS to tile éieüiitor, a debrée ehtere'd agaihát him in his pfefstfftal light fdr eighty-two,pbuuds fiftefen shillings, with iritbrest ift the ratfe ¿f Six pbr cbhttitii per abtillttiftote tbq 18th Blátéh, tédÁ, with costs.